UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                              Case No.  8:06-cr-406-T-24-TBM

DAVID J. BAKER,

_____/

## ORDER

This cause came before the Court at a hearing held on May 21, 2007 on Defendant David J. Baker's Motion to Withdraw Plea and Request for Hearing.  (Doc. No. 28.)

On September 28, 2006, Defendant was indicted on charges of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g) and 924(e).  This case is based on a gun and ammunition that were found in Defendant's sister's home during a search pursuant to a warrant related to a reported home invasion in which the victim identified Defendant as the perpetrator.

Defendant planned to go to trial in the case.  However, as his trial date in January 2007 approached, he changed his mind and signed a plea agreement on January 5, 2007.  Defendant pled guilty pursuant to the plea agreement on January 9, 2007, before U.S. Magistrate Judge Thomas B. McCoun.  On that date, Magistrate Judge McCoun issued a Report and Recommendation that the guilty plea be accepted and that the Defendant be adjudged guilty and have sentenced imposed accordingly.  (Doc. No. 25.)  The Court accepted Defendant's guilty plea and adjudicated him guilty on January 10, 2007.  (Doc. No. 26.)  Sentencing was originally scheduled for April 10, 2007.  At Defendant's request, the Court continued the sentencing until

June 8th, 2007.

On May 16, 2007, approximately four months after he pled guilty, Defendant filed this Motion to Withdraw his guilty plea and Request for Hearing pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B). At the hearing, Defendant explained to the Court that he believes he is not guilty of the crime charged and that a trial would be in his best interest.

The decision to permit the withdrawal of a guilty plea is committed to the sound discretion of the district court. *United States v. Siegel*, 102 F.3d 477, 480 (11th Cir. 1996). While a court may permit withdrawal of a guilty plea before sentencing upon a showing of "any fair and just reason," there is no absolute right to withdraw a guilty plea. *United States v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996). The defendant must show a "fair and just reason" for withdrawal of his plea, and the totality of the circumstances surrounding the plea may be considered in determining whether the defendant has met this burden. *McCarty*, 99 F.3d at 385.

In determining if the defendant has met his burden, a district court may consider whether: (1) close assistance of counsel was available; (2) the plea was knowing and voluntary; (3) judicial resources would be conserved; and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea. *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988.) If a defendant cannot meet his burden under the first two considerations, the court need not give attention or analysis to the last two considerations. *McCarty*, 99 F.3d at 386 n.2.

The Court concludes that Defendant has not met his burden of demonstrating a "fair and just reason" to withdraw his guilty plea. Defendant has had close assistance of counsel since the beginning of this case, and he was assisted by counsel both when he signed the plea agreement on January 5th and when he pled guilty before Magistrate Judge McCoun on January 9th. That

plea was knowing and voluntary, as Defendant acknowledged that he understood what was going on, he admitted to the charge in the Indictment, and he did not have any objections to the factual basis in the plea agreement. Because Defendant had close assistance of counsel and his plea was knowing and voluntary, the Court need not consider the final two factors. However, in an abundance of caution, the Court also concludes that significant judicial resources would be expended if the case were to go to trial. In addition, if Defendant was permitted to change his plea to not guilty more than four months after he pled guilty, the Government would be prejudiced by having to reassemble witnesses and evidence in preparation for trial. Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Withdraw Plea (Doc. No. 28) is **DENIED**.

      **DONE AND ORDERED** at Tampa, Florida, this 22nd day of May, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record